## John Welter *vs.* City of St. Paul.

## May 13, 1889.

**Municipal Corporation — Negligence of Officers in Charge of Street Improvements.**—Where a municipal corporation has under its charter the care and control of the public streets, and has general authority to make or cause to be made improvements therein, such as sewers or drains, it is liable for injuries to its employes or others, resulting from the negligence of its officers or agents, acting under its authority in making such improvements, and having the charge and supervision thereof, though in the particular instance, in strict conformity to its charter, the work is required to be done by contract, and not directly by the corporation.

Appeal by defendant from an order of the district court for Ramsey county, *Simons*, J., presiding, overruling its demurrer to the complaint.

*W. P. Murray*, for appellant.

*James E. Markham*, for respondent.

VANDERBURGH, J.   This case comes here upon appeal from an order overruling the defendant's demurrer to the complaint.   The complaint shows that the plaintiff was employed as a laborer by the defendant in working on the streets.   The city had caused an excavation or trench to be made in one of the streets for a sewer or drain, and carelessly neglected to brace or protect the sides of the same to prevent the earth from caving in, so that it was a dangerous place to work in.   The plaintiff was subject to the orders of the defendant's agent or foreman in charge of the work, and by his direction went to work in the sewer, and, without notice of its dangerous condition, was injured by the caving in of earth and stones upon him.   The complaint states a cause of action.   The city has the care and control of the streets, and is charged with the duty and has general authority to make improvements therein, and to construct sewers and drains.   These are corporate powers and duties, and it is liable for its negligence, or the negligence of its officers, in the exercise of such powers and the performance of such duties.   It is true that, under the charter of the city, improvements, where the costs exceed $200,

are to be made under contract with the lowest bidder, but it does not appear that this work was not such as the city itself might undertake in strict conformity with the charter, or that it was not a mere local drain for a street improvement; and, even if its proceedings were not regular in this respect, yet, being a municipal improvement which it might within its general authority cause to be made, and which as it is alleged was in this instance in fact made by it, it will be held liable for injuries resulting to its servants or others resulting from the negligence of its authorized agents in executing the work. In other words, it cannot be permitted to set up the plea of *ultra vires*, if the work was authorized by it, and was within the scope of its corporate power or authority to act in reference to it under any circumstances. 2 Dill. Mun. Corp. § 968.

Order affirmed.